UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**************************************************************

**JOINT MOTION AND INCORPORATED MEMORANDUM
FILED ON BEHALF OF DEFENDANTS MAURICE BROWN AND MARIO BROWN
TO ORDER THE IMMEDIATE PRODUCTION OF JENCKS MATERIAL**

NOW INTO COURT, through undersigned counsel, come defendants Maurice Brown and Mario Brown, who respectfully move this Honorable Court to order the early production of Jencks material, to wit:

1.

Defendants Maurice Brown and Mario Brown respectfully move for the immediate production of all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify in accordance with 18 U.S.C. 3500 (commonly known as the "Jencks Act") and Fed. Rule Crim. Proc. 26.2

2.

Specifically, defendants Maurice Brown and Mario Brown show that the term "statement" includes the following:

    a)    Any written statement made by said witness and signed or otherwise adopted or approved by him;

    b)    Stenographic, mechanical, electrical or other recording, or transcriptions thereof,

which are a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; and

c) A statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

3.

Defendants Maurice Brown and Mario Brown seek the immediate production of said statements for the purposes of judicial economy, to expedite discovery and the trial of this cause, and to avoid potential problems on the issue of whether all material has been tendered pursuant to *Brady v. Maryland, 373 U. S. 83 (1963)* and its progeny. Defendants Maurice Brown and Mario Brown show that approximately 585 tape-recorded telephone calls and other audio/visual recordings have been produced thus far in discovery in this case, along with other documents. Due to this voluminous discovery – particularly the recordings – undersigned counsel will be required to cross-reference the Jencks statements/material against all of these recordings and other discovery materials to determine whether they are consistent or inconsistent and/or determine other irregularities which may exist therein and closely study the Jencks material which is disclosed. Without doubt, this promises to be an exceptionally time-consuming endeavor.

4.

Although the Court may not ordinarily compel disclosure of Jencks material prior to the conclusion of a witnesses' direct examination pursuant to a strict reading of 18 U.S.C. 3500 and Fed. Rule Crim. Proc. 26.2, the United States Fifth Circuit Court of Appeals encourages early disclosure of Jencks material to obviate trial interruptions and to permit defense counsel to study the disclosures. **See**: *United States v. Campagnuolo, 595 F. 2d 852, 858, n. 3 (5 Cir. 1979).*

5.

The Jencks Act, 18 U.S.C. 3500, which provides that no statement made by a government

witness shall be discoverable until after the witness testifies, appears at face value to preclude any pretrial disclosure of *Brady* material. Defendants Maurice Brown and Mario Brown respectfully submit that the strict due process concerns which support the *Brady* decision suggest that early pretrial disclosure of Jencks Act material would be prudent and more effectively promote a fair trial and fundamental due process for the defendants. <u>See</u>: *United States v. Starusko, 720 F. 2d 256, 263 (3 Cir. 1984)*, wherein the Court observed: "... compliance with the statutory requirements of [the] Jencks Act does not necessarily satisfy the due process concerns of *Brady*," citing *Compagnuolo, supra, at 858-60.*

6.

Defendants Maurice Brown and Mario Brown show that the huge volume of discovery produced thus far in this case also suggests that fundamental due process requires the immediate production of Jencks material in order to compare the Jencks material to the discovery. Disclosure of Jencks material on the eve of trial and/or only after the witness testifies in strict compliance with the Jencks Act language would deprive the defendants of the time they and their counsel need for proper consideration of the Jencks Act material in comparison to the voluminous discovery tendered thus far in this case so that proper and effective trial preparation may be made. Trial in this matter is set for December 6, 2010.

WHEREFORE, defendants Maurice Brown and Mario Brown respectfully pray that this Honorable Court order the immediate disclosure of any and all Jencks material in the possession and/or files of the United States, and for all other relief as may be allowed by law and/or equity.

**RESPECTFULLY SUBMITTED:**

s/ Bruce A. Craft

_____
**BRUCE A. CRAFT**
La. Bar Roll No. 20766
10627 Hillary Court
Baton Rouge, LA 70810
Telephone: (225) 767-1300
Telecopier: (225) 767-1301
Attorney for Maurice Brown


s/ John S. McLindon

_____
**JOHN S. McLINDON**
La Bar Roll No. 19703
8480 Bluebonnet Blvd., Suite D
Baton Rouge, LA 70810
Telephone: (225) 766-0200
Telecopier: (225) 766-0279
Attorney for Mario Brown

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**********************************************

**CERTIFICATE OF SERVICE**

I hereby certify that copy of the foregoing Joint Motion and Incorporated Memorandum Filed on Behalf of Defendants Maurice Brown and Mario Brown to Order the Immediate Production of Jencks Material has been served upon all counsel of record by electronic service through the electronic filing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's system.

Done at Baton Rouge, Louisiana, this 22nd day of October, 2010.

s/ Bruce A. Craft
_____
**Bruce A. Craft**