UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**************************************************************

**MOTION AND INCORPORATED MEMORANDUM
FILED ON BEHALF OF DEFENDANT MAURICE BROWN
TO SUPPRESS AND EXCLUDE *BRUTON* EVIDENCE**

NOW INTO COURT, through undersigned counsel, comes Maurice Brown, defendant herein, who respectfully move this Honorable Court to suppress and exclude *Bruton* evidence from the jury in this case, to wit:

1.

Defendants Maurice Brown, the Mayor of White Castle, and Mario Brown, the Chief of Police of White Castle, have been jointly indicted in the instant case as part of a Government sting operation resulting in multiple indictments known as "Operation Blighted Officials." Other political figures have been indicted under separate indictments in the Middle District of Louisiana but also as part of "Operation Blighted Officials," namely: a) George L. Grace, Sr., the Mayor of St. Gabriel; b) Derek Lewis, the Mayor of Port Allen; c) Thomas A. Nelson, Jr., the Mayor of New Roads; and d) Fred Smith, the Chief of Police of Port Allen. Collectively for purposes of this Motion, Grace, Lewis, Nelson, Smith and Mario Brown are referred to hereinafter as the "other defendants" or the "co-defendants."

2.

The Government has produced voluminous discovery materials thus far to defendant Maurice Brown. This discovery includes but is not limited to approximately 585 different audio-recorded telephone calls and audio/video-recorded personal meetings. A significant number of these recorded telephone calls and meetings involve conversations by and among the other defendants, either speaking by and among themselves and/or speaking with undercover FBI agent(s) and/or paid Government operatives.

3.

Defendant Maurice Brown shows that the Government may attempt to introduce these recordings into evidence and play them for the jury and/or refer to these recordings, transcripts thereof, or selected statements contained therein in lines of questioning with witnesses in the Government's case-in-chief in front of the jury in an attempt to implicate defendant Maurice Brown in criminal wrongdoing.

4.

Defendant Maurice Brown shows that any attempt by the Government to introduce these recordings or statements into evidence and play them for the jury and/or refer to these recordings or statements in lines of questioning with witnesses in the Government's case-in-chief in front of the jury would violate the dictates of *Bruton v. United States, 391 U. S. 123 (1968)* and its progeny as shown herein.

5.

Defendant Maurice Brown shows that certain of these recordings contain statements made

by the other defendants which would be inculpatory as to him.[1]

6.

Defendant Maurice Brown shows that if any of the other defendants invoke their 5th Amendment rights and choose not to testify in this matter, which is anticipated, then defendant Maurice Brown thereby loses his 6th Amendment right of confrontation as against those other defendants and the statements which they have made which are inculpatory as to defendant Maurice Brown.[2] As such, the *Bruton* exclusionary rule should be applied.

7.

The 6th Amendment to the United States Constitution (enacted in 1791) provides, *inter alia*, for the right of confrontation (" . . . to be confronted with the witnesses against him . . ."). The Constitutional safeguards provided by the 6th Amendment have been long held by our Supreme Court as one of the most paramount rights of a criminal defendant:

> "In all cases the constitutional safeguards are to be jealously preserved for the benefit of the accused, but especially is this true where the scales of justice may be delicately poised between guilt and innocence." *Glasser v. United States, 315 U. S. 60 at 67 (1942)* (in considering a 6th Amendment claim).

---

[1] Undersigned counsel shows that he is still reviewing the voluminous discovery materials tendered thus far in discovery but is required to file this motion in by the motion deadline set by this Honorable Court, currently October 22, 2010. Should this Court require that undersigned counsel designate with specificity those certain recordings which contain statements made by the other defendants which would be inculpatory and thus fall under the *Bruton* exclusionary rule, then undersigned counsel will endeavor to do so but will require an extension of the motion deadline currently set to amply set forth those matters with specificity. For purposes of this general motion to suppress and exclude, undersigned counsel respectfully submits that a ruling in favor of excluding *Bruton* evidence will require defense counsel and the Government to meet in advance of trial to agree upon excluding those recordings which would be covered under the Court's general *Bruton* exclusionary order.

[2] Undersigned counsel shows, upon information and belief, that the other defendants uniformly will assert their 5th Amendment right if called to testify in the Brown trial. Undersigned counsel respectfully submits that the issuance of a subpoena to the other defendants would be superfluous and should not be required for purposes of a ruling on this motion.

The seminal Supreme Court opinion in *Bruton v. United States, 391 U. S. 123 (1968)* holds that a mere limiting instruction to a jury is insufficient in circumstances wherein the prosecution seeks to introduce a co-defendant's confession at a joint jury trial where the co-defendant does not testify and therefore the right of confrontation through cross-examination is lost.  In other words, *Bruton* forbids the introduction of a co-defendant's confession or other inculpatory statements as to the moving defendant if the co-defendant exercises his 5th Amendment right and does not testify, thus depriving the moving defendant of his 6th Amendment right of confrontation.

The *Bruton* exclusionary rule has been explained very clearly by the 5th Circuit Court of Appeals in *U. S. v. Walker, 148 F. 3d 518 (C. A. 5 Cir. 1998)* to include not only out-right confessions but also inculpatory out-of-court statements[3] made by a non-testifying co-defendant which may stop short of a full-blown confession:

> "The right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him secured by the Sixth Amendment. [citing *Bruton* and others, omitted here.]  Where an **out-of-court statement** by a **non-testifying** codefendant is admitted, the defendant **inculpated by the statement** is denied the opportunity to cross-examine his codefendant, thus leaving the reliability of the codefendant's statement untested.  Therefore, the inculpated defendant is denied his constitutional right to confront the witnesses against him. [citing *Bruton* and others, omitted here.] *Walker at 522 (Emphasis Supplied).*

8.

Defendant Maurice Brown respectfully shows that the *Bruton* analysis as further explained by the *Walker* opinion, *supra*, applies to this case as follows:

a) in Maurice Brown's case, the Government should be precluded from introducing,

---

[3] Black's Law Dictionary, 5th Edition, defines "inculpatory" as follows: "[I]n the law of evidence, going to tending to establish guilt; intended to establish guilt; criminative."  (p. 691)
Black's Law Dictionary, 5th Edition, further defines "inculpate" as follows: "[T]o impute blame or guilt; to accuse; to involve in guilt or crime." (p. 691)

attempting to introduce, or referring to at trial before the jury any and all statements of any nature, type or kind whatsoever made by any other co-defendant in the multi-indictment Federal case known as Operation Blighted Officials (whether that co-defendant is now known or will be revealed in the future) should said statements be inculpatory as to Maurice Brown and should the co-defendant who makes said statement assert his 5th Amendment right and/or not be subject to cross-examination for whatever reason such that his statement which is inculpatory as to defendant Maurice Brown remain untested through cross-examination and the right of confrontation as guaranteed to defendant Maurice Brown by the 6th Amendment

9.

Defendant Maurice Brown respectfully shows that no exception to the *Bruton* exclusionary rule is applicable herein. The *Walker* court, *supra*, provided a detailed recitation of the two (2) well-established exceptions to an application of *Bruton*. The first exception holds that in order for a *Bruton* violation to occur the co-defendant's statement must directly implicate the moving defendant who asserts an application of *Bruton* (the "facially incriminating" exception). In other words, mere indirect references to the moving defendant by the co-defendant in the co-defendant's statement without use of names or other specific identifying information may not be sufficient to trigger *Bruton*; however, direct references to the moving defendant in the co-defendant's statement are enough to trigger *Bruton*. The second exception to *Bruton* requires that a co-defendant's statement which inculpates the moving defendant fall squarely within certain narrowly defined and firmly rooted hearsay exceptions. <u>See</u>: *Walker at 522*. The courts have been reluctant to expand the exceptions applicable to a *Bruton* violation because to do so would "eviscerate not only the *Bruton* rule" but also the "stalwart indicia of reliability" found in the few hearsay exceptions which are

applicable to a *Bruton* analysis.  **See**: *Walker at 525.* Defendant Maurice Brown contends that no such exceptions should apply in this case.

10.

Defendant Maurice Brown further shows that merely redacting, editing, deleting and otherwise sanitizing portions of the offending statements is not sufficient to cure a *Bruton* violation because of the effect that such an inculpatory statement (even in redacted, edited or "sanitized" form) may have on the jury in determining guilt or innocence. **See, for example**: *Gray v. Maryland, 118 S. Ct. 1151 (1998)*, as cited in *Walker, supra, at 522* (where a direct implication of the defendant is redacted by replacing the defendant's name with an obvious indication of deletion, a *Bruton* violation is not avoided).

11.

For the reasons advanced in the foregoing Motion, defendant Maurice Brown respectfully prays that this Honorable Court grant his motion to suppress and exclude from the jury any and all statements falling under the ambit of *Bruton*.

WHEREFORE, defendant, Maurice Brown, respectfully prays that this Honorable Court issue an order suppressing and excluding from the jury at trial of this case any and all statements of any nature, type or kind whatsoever made by any other co-defendant in the multi-indictment Federal case known as Operation Blighted Officials (whether that co-defendant is now known or will be revealed in the future) should said statements be inculpatory as to Maurice Brown and should the co-defendant who makes said statement assert his 5th Amendment right and/or not be subject to cross-examination for whatever reason such that his statement which is inculpatory as to defendant Maurice Brown remain untested through cross-examination and the right of confrontation as guaranteed to defendant Maurice Brown by the 6th Amendment, and for all other relief as may be

allowed by law and/or equity.

**RESPECTFULLY SUBMITTED:**

**s/ Bruce A. Craft**

_____
BRUCE A. CRAFT
La. Bar Roll No. 20766
10627 Hillary Court
Baton Rouge, LA 70810
Telephone: (225) 767-1300
Telecopier: (225) 767-1301
Attorney for Maurice Brown

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**********************************************

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing Motion and Incorporated Memorandum Filed on Behalf of Defendant Maurice Brown to Suppress and Exclude *Bruton* Evidence has been served upon all counsel of record by electronic service through the electronic filing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's system.

Done at Baton Rouge, Louisiana, this 22nd day of October, 2010.

> **s/ Bruce A. Craft**
> _____
> **Bruce A. Craft**