# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 10-100-BAJ-SCR |
| *versus* | : | |
| | : | |
| MAURICE A. BROWN | : | |

## OPPOSITION TO DEFENDANT MAURICE A. BROWN'S MOTION TO SUPPRESS AND EXCLUDE OVERLY PREJUDICIAL AND NON-PROBATIVE EVIDENCE PURSUANT TO FED. RULES EVID. 401-403 BALANCING TEST

The United States of America, through undersigned counsel, respectfully opposes defendant Maurice A. Brown's Motion to Suppress and Exclude Overly Prejudicial and Non-Probative Evidence Pursuant to Fed. Rules Evid. 401-403 Balancing Test.

## I.    SUMMARY

The defendant seeks to prohibit the United States from introducing "selected phone calls" involving the defendant because they involve "matters of a purely personal nature which are not probative to any potential element of the Government's case and are highly prejudicial to defendant Brown on a personal level." Def.'s Motion at ¶ 2. While the request suggests multiple recordings should be excluded, the defendant only identifies one objectionable recording. The only recording cited by the defendant is relevant and highly probative to the charges in the case, including the defendant's receipt and use of bribe proceeds, namely, four tickets to a professional football game worth approximately $1,300. Any unfair prejudice caused by the recording does not substantially outweigh the recording's probative value. As such, the motion should be denied.

## II.    **BACKGROUND**

The recording cited by the defendant reflects a phone conversation between the defendant and a confidential FBI source (hereafter known as "the CS") lasting 9 minutes, 44 seconds, on November 4, 2009 at 8:24 AM CST.  The call dealt with tickets to the football game between the New Orleans Saints and the Carolina Panthers worth $1,385.  Two days before the call, on November 2, 2009, the defendant had solicited the tickets from the CS.  The CS agreed to provide the tickets, citing the fact that the defendant was providing an official support letter for a federal grant from the Environmental Protection Agency ("EPA letter").  The next day, on November 3, 2009, the defendant told the CS that he (the defendant) deserved the tickets since "I'm working on that garbage [Cifer 5000] transaction."

The following day, on November 4, 2009, the defendant and the CS had another conversation concerning the tickets.  See Transcript of November 4, 2009, Telephone Call attached as Exhibit A.[1]  This is the call that the defendant seeks to suppress.  The entire call revolves around how the defendant is going to use the tickets.  As reflected in the transcript, and discussed further *infra*, the recording has a multitude of relevant aspects contained therein.

---

[1] The defendant's motion makes no attempt to discuss any of the substance of the conversation.  The United States does not understand how the Court could possibly rule on the motion without knowing the contents of the recording.  As such, the United States is attaching a transcript of the recording, but is refraining from discussing many of the details of the recording in the motion.

Case 3:10-cr-00100-BAJ-SCR   Document 69   11/05/10   Page 2 of 7

### III. <u>LAW</u>

In support of his motion, the defendant cites Rules 401 through 403 of the Federal Rules of Evidence.

Rule 401 of the Federal Rules of Evidence provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 of the Federal Rules of Evidence provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 of the Federal Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless preparation of cumulative evidence.

A district court has broad discretion in assessing admissibility under Rule 403, and its determination is reviewed only for abuse of discretion. See <u>United States v. Royal</u>, 972 F.2d 643, 648 (5th Cir. 1992). Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly. See <u>United States v. Pace</u>, 10 F.3d 1106, 1115 (5th Cir. 1993); <u>Gross v. Black & Decker, Inc.</u>, 695 F.2d 858, 863 (5th Cir. 1983) ("[T]he rule favors admissibility of relevant evidence"); <u>United States v. McRae</u>, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice,

Case 3:10-cr-00100-BAJ-SCR   Document 69   11/05/10   Page 3 of 7

*substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403").

IV.    **DISCUSSION**

The defendant claims that the recording is not probative of any element of the charged crimes.  This is wrong.  The recording goes directly to a multitude of significant, relevant issues in the case.

First, the recording reflects the defendant arranging to obtain the football tickets (the bribe) and discussing what he intended to do with the tickets, including who he wanted to have attend the game with him.  Such conversation reflects the defendant's agreement to accept a bribe and his motivation for the tickets.

Second, the recording reflects the defendant arranging to fax a copy of an official letter to the EPA to assist the Cifer 5000 in obtaining a federal grant.  The providing of the letter was one of the defendant's official acts taken in exchange for the tickets.

Third, the recording reflects the defendant expressing concern about people tracing his emails and text messages, as well as intercepting his telephone calls.  The defendant specified that "they" are wire tapping "elected officials."  Such comments reflect a consciousness of guilt.

Finally, the recording reflects the defendant making statements about trust and taking care of each other.  For example, the defendant states: "You take care of me and I'll make sure [defendant Mario Brown] take care of you."  Such statements reflect the quid pro quo nature of the exchange.

4

To the extent the recording contains any unfair prejudice, such prejudice does not substantially outweigh its probative value. The entire conversation centers around the defendant receiving and using the football tickets (bribe proceeds). As part of the conversation, the defendant discusses how and with whom he intends to use the tickets. Such information is part of a highly relevant and probative conversation bearing directly on a multitude of issues in the case. As previously outlined, those relevant issues are not confined to the receipt and use of the bribe proceeds. They also include comments regarding the interception of electronic communications (consciousness of guilt) and the illicit purpose of the tickets. The fact that the defendant opted to mingle his personal life with the bribery scheme is not a proper basis for suppressing the conversation. The resulting prejudice is hardly *unfair*. Nor does such prejudice *substantially* outweigh the probative value of the recording. See, e.g., United States v. Gartmon, 146 F.3d 1015 (D.C.C. 1998) (in fraud case, probative value of recording between defendant and female confederate was not outweighed by danger of unfair prejudice despite defendant's profane and abusive language towards the woman).

Case 3:10-cr-00100-BAJ-SCR   Document 69   11/05/10   Page 5 of 7

V.    **CONCLUSION**

Accordingly, the United States respectfully requests that the Court deny the

defendant's motion.


UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY


s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA :
: CRIMINAL NO. 10-100-BAJ-SCR
*versus* :
:
MAURICE A. BROWN :
MARIO D. BROWN :

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within *United States' Response to Defendants' Motion to Exclude Overly Prejudicial and Non-Probative Evidence* as served on defense counsel through electronic service.

Baton Rouge, Louisiana, this 5th day of November, 2010.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: corey.amundson@usdoj.gov