```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA
```

IN THE MATTER OF THE SEARCH
OF INFO. ASSOC. WITH CELL                CRIMINAL ACTION
PHONE ACCOUNTS (225) 270-5907 &
(225) 413 2941 STORED AT THE             NO. 10-100-BAJ-SCR
PREMISES CONTROLLED BY AT&T,
NATIONAL COMPLIANCE CENTER, W.
PALM BEACH, FL.

**RULING ON MOTION FOR RECONSIDERATION**

Before the court is the United States's Motion to Reconsider Ruling on Application for Search Warrant. Record document number 93. The motion is opposed by defendants Maurice and Mario Brown.[1]

The Ruling on Application for Search Warrant[2] (hereafter, Ruling on Application) denied the Application for a Search Warrant In the Matter of the Search of Info. Assoc. With cell Phone Accounts (225) 270-5907 & (225) 413-2941 Stored at the Premises Controlled by AT&T, National Compliance Center, W. Palm Beach, Fl.[3] (hereafter, Application). The Application was denied for the following reason:

> Although the fact that the calls were made to/from a Subject Telephone may be evidence as to one or more crimes charged in the Superceding Indictment, the Application does not explain, and it is not apparent, how the location of the Subject Telephones on either the specified or the unspecified dates is evidence of a crime charged in the Superceding Indictment.

---

[1] Record document number 94.

[2] Record document number 92.

[3] Record document number 91.

The Unites States of America (hereafter, the "government") moved for reconsideration, arguing only that the "location of the Subject Telephones is relevant to help establish that the crimes occurred in the Middle District of Louisiana."[4]

The government did not argue that the historical cell phone location information sought is relevant evidence of an element of any offense charged in the Superceding Indictment.[5]  Defendants previously argued that the information sought "is irrelevant and immaterial to the issues and allegations in this case,"[6] and they maintained that position in their opposition to this motion.[7]  Neither the government nor the defendants cited any case supporting its or their respective position.

In *U.S. v. White*, 611 F.2d 531, 534-35 (5th Cir. 1980) the Fifth Circuit Court of Appeal explained the relevance of evidence of territorial jurisdiction and proper venue:

> The right of a criminal defendant to be tried in the district in which the crime was committed is guaranteed by the sixth amendment to and Article III of the United States Constitution, and Rule 18 of the Federal Rules of Criminal Procedure.  Although the Supreme Court has made

---

[4] The government's motion does not add any factual information to the Affidavit previously submitted in support of the Application.

[5] Record document number 53, Superceding Indictment.

[6] Record document number 55, Joint Memorandum in Opposition to Application by the United States of America Under 18 USC 2703(c) and 2703(d), p. 2

[7] Record document number 94, p. 2.

2

> it clear that questions of venue and territorial jurisdiction are not to be taken lightly or treated as mere technicalities, *United States v. Cores*, 356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958); *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236 (1944), and the burden of proving that the crime occurred in the district of trial is squarely on the prosecution, *United States v. Luton*, 486 F.2d 1021, 1022-23 (5th Cir. 1973), *cert. denied*, 417 U.S. 920, 94 S.Ct. 2626, 41 L.Ed.2d 225 (1974), the prosecution is not required to meet the reasonable doubt standard applicable to all substantive elements of an offense.  Rather, "(t)he prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense. . . .  Further, there need not be direct proof of venue where circumstantial evidence in the  record as a whole supports the inference that the crime was committed in the district where venue was laid." *United States v. Turner*, 586 F.2d 395, 397 (5th Cir. 1978), *cert. denied*, 440 U.S. 926, 99 S.Ct. 1258, 59 L.Ed.2d 480 (1979).   If the Government shows by a preponderance of the evidence that the crime was committed in the trial district, both territorial jurisdiction and proper venue are established. *United States v. Luton*, 486 F.2d at 1022-23; *Cauley v. United States*, 355 F.2d 175, 176 (5th Cir.), *cert. denied*, 384 U.S. 951, 86 S.Ct. 1572, 16 L.Ed.2d 548 (1966). (footnotes omitted)

*See also*, *United States v. Smith*, 2010 WL 3521935 (C.A.6 (Tenn.)(evidence of location of cell tower used during phone calls admitted to prove proper venue).

While it does not appear that historical cell phone location information would be relevant to an element of any offense charged in the Superceding Indictment, it would be relevant evidence as to territorial jurisdiction and proper venue in this district, i.e. the calls were placed to/from the Subject Telephones while they were located in this district.  Defendants did not argue that they have stipulated to proper jurisdiction and venue in this district,

and no such stipulation is apparent from a review of the record.

As was explained in the Ruling on Application:

> This court has jurisdiction over the offense being investigated since the investigation is being conducted in this district (and the defendants are charged in a Superceding Indictment issued by a grand jury in this district). Consequently, this Court has the authority to issue the requested warrant. (footnote omitted)

Since the court has authority to issue the requested warrant and the historical cell phone location information sought is evidence relevant to proper jurisdiction and venue in this district, there is probable cause to issue the warrant.

## Conclusion

Accordingly, United States's Motion to Reconsider Ruling on Application for Search Warrant is granted. The requested warrant will be issued unless either defendant timely appeals this ruling to the district judge.

Baton Rouge, Louisiana, November 29, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE