UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MAURICE A. BROWN
MARIO D. BROWN

CRIMINAL ACTION

NO. 10-100-BAJ-SCR

## RULING ON MOTIONS IN LIMINE

**I.　BACKGROUND**

Before the Court are two motions filed by Maurice Brown and Mario Brown, the defendants in the above-captioned matter.[1] On October 22, 2010, the defendants filed a joint motion styled "Motion to Suppress and Exclude Evidence Obtained in Violation of Federal 'Wire and Electronic Communications Interception and Interception to Oral Communications Act' and Due to the Application of the *Bruton* Exclusionary Rule Thereto." ("Wiretap Act motion") (doc. 45) Defendant Maurice Brown also filed a motion styled "Motion to Suppress and Exclude *Bruton* Evidence" ("*Bruton* motion") (doc. 49) on the same date. The United States filed oppositions to both motions. (docs. 79 and 78) At a hearing held on December 7, 2010, the Court heard oral arguments from the

---

[1] The defendants in this matter have been charged in a superseding indictment alleging violations of the Racketeer Influenced Corrupt Organizations Act (RICO), mail fraud, wire fraud, use of an interstate facility in aid of racketeering and forfeiture. (doc. 53) The defendants have been indicted pursuant to "Operation Blighted Officials," a federal investigation resulting in indictments of six elected officials representing four Louisiana municipalities.

1

parties on the numerous motions in limine which have been filed in the case, including the Wiretap Act and *Bruton* motions. During this hearing, the United States raised the issue of introducing statements at trial pursuant to Federal Rule of Evidence 801(d)(2)(E). In response, the defendants filed a motion for a *James* hearing (doc. 105), seeking a pre-trial determination of whether certain statements would be admissible at trial as those of a co-conspirator. The Court conducted a *James* hearing on January 25, 2011, and after hearing testimony and evidence presented by the United States, as well as oral arguments presented by both parties, the Court ruled that the statements at issue are admissible at trial as co-conspirator statements. The Court is now prepared to rule on the two remaining motions. Due to the intertwined content of these motions, the Court addresses them in a combined ruling.

## II. ARGUMENT

The defendants' joint Wiretap Act motion seeks to suppress and exclude any evidence derived from a violation of the Omnibus Crime Control and Safe Streets Act of 1968 ("Wiretap Act"), 18 U.S.C. § 2510 et seq. 18 U.S.C. § 2511(2)(c) provides:

> (c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Defendants concede that the interception of conversations held solely between one of the two defendants and a government agent or informant is likely lawful under the provision of the Wiretap Act.[2] However, defendants contest the recordings which feature conversations between multiple defendants indicted under Operation Blighted Officials. Defendants argue that such interceptions are unlawful under the Wiretap Act because neither of the two exceptions provided by § 2511(2)(c) for lawful interception is applicable. The apparent basis of this argument is the assertion that the government agent or informant intercepting the communications was not a "party to the communication" for purposes of § 2511(2)(c). Due to the alleged unlawful interception, defendants submit that these recordings are inadmissible at trial.[3]

Additionally, defendants contend that the *Bruton* exclusionary rule requires the suppression of any recorded conversations between other persons indicted in Operation Blighted Officials, to the extent that these conversations are inculpatory to either of the present defendants. Defendants argue that their

---

[2] Defendant's Wiretap Act motion, p. 6.

[3] 18 U.S.C. § 2515 provides: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

rights under the Confrontation Clause of the Sixth Amendment will be violated if such statements are introduced at trial. Because the other persons who have also been indicted may invoke their Fifth Amendment right against self-incrimination, the defendants argue that they will be denied their right to cross-examine these persons at trial. Defendant Maurice Brown re-urges this argument in the separate *Bruton* motion. The *Bruton* motion further states that none of the established exceptions to the *Bruton* rule are applicable in this case, and that a redaction of these statements will not be sufficient to cure a *Bruton* violation because of the potential impact which these statement may have on a jury.[4]

In opposition to the defendants' motions, the United States offers two fundamental arguments. First, the government submits that the interception of the oral communications does not violate the Constitution or the Wiretap Act because the defendants did not have a reasonable expectation of privacy in the communications. Second, the government submits that the statements at issue are not testimonial and, therefore, *Bruton* is inapplicable.

At the hearing held in open court on December 7, 2010, the parties presented oral arguments relative to both the Wiretap Act and *Bruton* motions. In contrast to the arguments set forth in the parties' filings, the oral arguments by

---

[4] *Bruton* does not apply to statements to which a firmly rooted hearsay exception is applicable. *U.S. v. Saks*, 964 F.2d 1514, 1525 (5th Cir. 1992). *Bruton* only applies to statements which are directly inculpatory. *See, U.S. v. Grillo*, 527 F.2d 1344, 1345 (5th Cir. 1976).

both sides focused primarily on the Supreme Court's decision *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d. 177 (2004), and the issue of whether the contested statements were testimonial or non-testimonial pursuant to the *Crawford* doctrine. Counsel for the defendants asserted that the Supreme Court's *Crawford* decision does not provide a definition of a "testimonial" statement, but that under the majority's analysis presented by Justice Scalia, the framers of the Constitution would not have allowed non-testimonial statements to be used at trial. Regarding the provisions of the Wiretap Act, the defense admitted that recordings made pursuant to a validly issued Title III order should be admissible at trial, but averred that consensual recordings which do not involve the defendants directly are inadmissible evidence. Arguing the application of *Crawford* to the present case, the United States submitted that by virtue of the decision of *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d. 224 (2006), a testimonial statement is one made under circumstances which would lead a reasonable witness to believe that the statements would be available for later use at trial. The United States contended that the statements in question are not barred by *Crawford*, because they are not testimonial as defined by the case law.

### III. LAW AND ANALYSIS

    A.    Wiretap Act Motion

The defendants' argument concerning a violation the Wiretap Act is

predicated on their assertion that the government source who intercepted the oral communications was not a "party to the communication" as required by 18 U.S.C. § 2511(2)(c). The defense cites no case law or other source interpreting the term "party to the communication" as it is used in the Wiretap Act. However, the Court finds that the limited case law which defines this term provides a definition which is contrary to the defendants' argument.[5] Further, although the defense does not raise a specific objection as to a Fourth Amendment violation, the Court finds merit in United States' argument that the defendants did not have a reasonable expectation of privacy in the communications which the government seeks to introduce at trial.

In a recent case from the Southern District of Florida, the court determined that a "party to the communication" is defined as "a party who is present when an oral communication is uttered," and need not be a direct participant in the conversation. *Pitts Sales, Inc. v. King World Productions, Inc.*, 383 F.Supp.2d.1354 (S.D.Fl. 2005). *Pitts* cited the earlier case of *Grandbouche v. Adams*, 529 F.Supp. 545 (D.Colo. 1982). *Grandbouche* involved a civil action brought by plaintiffs, members of the National Commodity and Barter Association, against defendant federal agents who were alleged to have violated

---

[5] The defendants' Wiretap Act motion suggests that the portions of the intercepted communications during which a government agent or informant was not speaking directly to, or engaged in a direct conversation with, either of the defendants or the other individuals indicted as a result of the investigation are outside of the permissible scope of the Wiretap Act. See, defendants' Wiretap Act motion, p. 7.

6

the members' constitutional rights by infiltrating their organization. A wireless microphone picked up several conversations among the members while the agent was present with them in a small room, but did not speak. The court, interpreting the Supreme Court decision of *U.S. v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d. 453 (1971), determined that a person who holds a conversation in the presence of a third party does not have an expectation of privacy and, therefore, plaintiffs' Fourth Amendment protections against unlawful searches and seizures were not violated.

The Court finds that the defendants' argument that the government agent or confidential source who intercepted the oral communications was not a "party to the communication" is without merit. As determined by other federal district courts, a person whose presence is apparent in the midst of a communication is considered a party, whether or not that person actually participates verbally in the communication. Moreover, having reviewed the government's exhibits, including both the recordings and transcripts, it is clear that in each of the exhibits, a government agent or confidential source can be heard speaking at some point in the conversations. Although there may be segments of the recordings where the government agent or informant does not speak, considering the obvious presence of such persons (as evidenced by the fact that they were actually present to record the conversations) and the fact that they participated in the conversations at least at some point in each of the various recordings, the Court

finds that they are clearly "parties to the communications" within the meaning of the Wiretap Act.

B.   *Bruton* Motion

The Wiretap Act motion filed by both defendants and defendant Maurice Brown's *Bruton* motion both raise the issue of violations of the Confrontation Clause as featured in the case of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d. 476 (1968). The essential holding of the Supreme Court's decision in *Bruton* is that "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 207, 107 S.Ct. 1702, 1707, 95 L.Ed.2d 176 (1987). As explained by the Fifth Circuit, "*Bruton* and its progeny are concerned with the question of whether, in the context of a joint or multi-defendant trial, the admission of hearsay against one defendant (such as the defendant's own confession) violates the Confrontation Clause rights of a co-defendant against whom the hearsay is not admissible but nonetheless incriminating." *Fratta v. Quarterman*, 536 F.3d 485, 502 (5th Cir. 2008).

Accordingly, for the *Bruton* exclusionary rule to apply to this case, the government must seek to introduce a hearsay statement of a co-defendant at a joint trial. The argument presented by the defense requires an interpretation of

"co-defendant" which would encompass the five other individuals who have been separately indicted pursuant to Operation Blighted Officials, rather than only the two defendants on trial together in the present case. The defense cites no cases adopting such a broad interpretation of "co-defendant" for the purposes of *Bruton*. Moreover, the case law suggests an opposite interpretation; that is, a co-defendant for purposes of *Bruton* means persons tried together in the same case. See, e.g., *Fratta v. Quaterman, supra*, at 496 ("the Bruton line of cases addresses the Confrontation Clause implications of situations in which, at a joint trial, hearsay that is not admissible against one defendant is introduced against a co-defendant. Fratta, however, was tried alone, so the Bruton line of cases did not apply."); *U.S. v. Briscoe*, 742 F.2d 842, 847 (5th Cir. 1984) ("For *Bruton* to apply, however, there must be a joint trial with co-defendants. Briscoe's trial was severed from that of the other defendants; thus, *Bruton* is inapplicable.")

Perhaps for this reason, the oral argument which the parties presented during the hearing on the motions focused instead on the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d. 177 (2004). "The Sixth Amendment guarantees a criminal defendant the right to be confronted with the witnesses against him. In *Crawford v. Washington*, the Court held that that right is violated where the prosecution introduces 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'"

*U.S. v. Martinez-Rios*, 595 F.3d 581, 585 (5th Cir. 2010), quoting *Crawford*, 541 U.S. at 56.

Whether analyzed under *Bruton* or *Crawford*, the Court finds that the admission of those statements which the defendants generally contest does not violate the defendants' Sixth Amendment right of confrontation.[6] *Bruton*, if at all applicable in this case, is limited by several conditions. "The *Bruton* rule, however, is a narrow one that applies only to statements that directly implicate the defendant without reference to other admissible evidence." *U.S. v. Jimenez*, 77 F.3d 95, 98 (5th Cir. 1996). The defendants' joint motion cites the case of *U.S. v. Walker*, 148 F.3d 518 (5th Cir. 1998).[7] In *Walker*, the Fifth Circuit declared:

> *Bruton* only applies to out-of-court statements that are 'facially incriminating.' Therefore, for a *Bruton* violation to occur, the codefendant's statement must directly implicate the defendant. Where the reference to the defendant is indirect and the jury can only complete the inference by relying on other evidence in the trial, *Bruton* will not apply.

*Walker*, at 522. The defendants have not specifically objected to the substance of any particular statement as inculpatory to either defendant. The cases subsequent to *Bruton* make it clear that if a statement is only inculpatory via a reference to other admissible evidence, it is not excluded by *Bruton*. The Court's

---

[6] The Court notes that the defendants have not identified the statements to which they object by reference to any specific recording, transcript or exhibit number.

[7] *Walker* was abrogated on other grounds by *Texas v. Cobb*, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001).

10

independent review of the recordings in this case reveals that the majority of statements which were made by other individuals indicted in Operation Blighted Officials do not directly implicate the defendants in this case.[8] As the defense has not identified particular statements which are directly inculpatory to either Maurice Brown or Mario Brown, the Court cannot exclude these statements pursuant to *Bruton*.

Further, in regards to the statements made by George Grace, an individual who has been separately indicted as a result of the Operation Blighted Officials investigation, the Court ruled at the conclusion of the *James* hearing that these statements are admissible at trial as the statements of a co-conspirator pursuant to Federal Rule of Evidence 801(d)(2)(E). "*Bruton* has been limited to cases where the admission of the incriminating statements was not within a firmly rooted exception to the hearsay rule." *U.S. v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998), quoting *U.S. v. Saks*, 964 F.2d 1514, 1525 (5th Cir. 1992). The Fifth Circuit has found that statements to which the co-conspirator hearsay exception applies are outside the ambit of *Bruton*. See, *U.S. v. Archbold-Newball*, 554 U.S. F.2d 665, 677 (5th Cir. 1977).

Concerning the parties' *Crawford* arguments, the holding of *Crawford* is limited to statements which are testimonial in nature. Much of the *Crawford*

---

[8] Many of the references made to the defendants do not refer to either defendant specifically, but rather refer to the defendants vaguely, and often collectively with other individuals involved in the investigation. For example, George Grace refers to "my guys" or "my boys" at various points throughout the recordings.

jurisprudence relates to the classification of statements as testimonial or non-testimonial. The Court finds that the statements to which the defendants object, namely statements made by the other individuals indicted pursuant to Operation Blighted Officials speaking to a government agent or confidential source, are not testimonial in nature and, therefore, are not barred by *Crawford*. In the recent case of *Melendez-Diaz. v. Massachusetts*, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), the Supreme Court reiterated the principal that for a statement to be "testimonial" within the meaning of *Crawford*, it must have been made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for later use at trial." In several cases, the Fifth Circuit has found that statements unknowingly made to an undercover officer or agent are not testimonial in nature. See, e.g., *U.S. v. Vasquez*, 234 Fed.Appx. 310, 313-14 (5th Cir. 2007). As to the statements which are contested, the defendants do not argue that the persons making the statements were aware at that time that they were speaking to, or in the presence of, a government agent or informant. By their very nature, statements to an undercover agent or informant are not made under circumstances which would lead an objective witness to reasonably believe that the statements would be available for later use at trial. Although the Supreme Court in *Crawford* declined to formulate a precise definition of "testimonial," when compared to the examples provided by the *Crawford* opinion itself, and in later cases, the Court cannot find

that the statements made by the individuals speaking to or in the presence of a government agent or informant in this case are testimonial in nature. Accordingly, *Crawford* does not bar the admission of such statements at trial.

IV. ORDER

For the reasons stated herein, defendants' Joint Motion to Suppress and Exclude Evidence Obtained in Violation of Federal "Wire and Electronic Communications Interception and Interception to Oral Communications Act" and Due to the Application of the *Bruton* Exclusionary Rule Thereto (doc. 45) and defendant Maurice Brown's Motion to Suppress and Exclude *Bruton* Evidence (doc. 49) are hereby **DENIED**.

Baton Rouge, Louisiana, February 9, 2011.

_____
BRIAN A. JACKSON
UNITED STATES JUDGE
MIDDLE DISTRICT OF LOUISIANA